UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV- 24050

MISAEL CABRERA RUIZ,

    Plaintiff,

vs.

ATLAS PILES, LLC.,
HAMMER TIME BUILDERS INC.,
CARBAJAL INVESTMENTS 1, INC.,
REINALDO AQUIT, AND
ALBERTO CARBAJAL,

    Defendants.
_____/

## **COMPLAINT**

    Plaintiff, Misael Cabrera Ruiz, sues Defendants, Atlas Piles, LLC, Hammer Time Builders Inc., Carbajal Investments 1, Inc., Reinaldo Aquit, and Alberto Carbajal, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Misael Cabrera Ruiz**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

    2.    **Defendant, Atlas Piles, LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

    3.    **Defendant, Hammer Time Builders Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

    4.    **Defendant, Carbajal Investments 1, Inc.,** is a *sui juris* Florida for-profit

corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

5. **Defendant, Reinaldo Aquit,** was at all times material an owner/officer/director/manager of Defendant, Atlas Piles, Inc., for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

6. **Defendant, Alberto Carbajal,** was at all times material an owner/officer/director/manager of Defendants, Hammer Time Builders Inc. and Carbajal Investments 1, Inc., for the time period relevant to this lawsuit. He ran their day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

7. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I - FLSA OVERTIME WAGE VIOLATION(S)**
**(AGAINST ALL DEFENDANTS)**

Plaintiff, Misael Cabrera Ruiz, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

11. Defendants collectively operated as Plaintiff's "employer(s)" for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

12. Defendants cooperated/coordinated to manage Plaintiff and his work, to pay Plaintiff for his work, and they collectively manage their workforce, including the hiring and firing of workers, setting work schedules for their workers, providing the tools, materials, and supplies for their workers, and providing work assignments for their workers.

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

14. Defendants were at all times material engaged in interstate commerce in the course of their installation of foundation piles using bobcats, heavy equipment, machinery, hand tools, parts, fluids, adhesives, lubricants, goods, materials, supplies, and equipment that have all moved through interstate commerce.

15. Defendants also, as part of their services, sell steel and metal piles, goods, materials, and supplies that previously traveled in interstate commerce.

16. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

17. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

18. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

19. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

20. Plaintiff was a non-exempt employee of Defendants.

21. Plaintiff consents to participate in this lawsuit.

22. Plaintiff worked for Defendants, Atlas Piles, LLC and Reinaldo Aquit, as a machine operator.

23. Plaintiff worked for Defendants, Atlas Piles, LLC and Reinaldo Aquit, from about November 2019 to about November/December 2020.

24. During this time, Plaintiff regularly and routinely utilized telephones, cellular telephones, hand tools, lubricants, mechanical parts, and other goods and supplies that moved through interstate commerce.

25. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

26. Defendants paid Plaintiff various rates during his employment.

27. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

28. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all of the hours worked beyond 40 hours in a given workweek.

29. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

30. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

31. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Misael Cabrera Ruiz, demands the entry of a judgment in her favor and against Defendants, Hammer Time Builders Inc., Carbajal Investments 1, Inc., Reinaldo Aquit, and Alberto Carbajal, jointly and severally after trial by jury, and as follows:

 a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

 b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

 c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

   e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

   f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

   g. Such other and further relief as the Court deems just and proper.

### **COUNT II – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2020**

Plaintiff, Misael Cabrera Ruiz, reincorporates and re-alleges paragraphs 1, 2, 5 and 7 though 10 as set forth fully herein and further alleges as follows:

32. Plaintiff performed worked for Defendants, Atlas Piles, LLC and Reinaldo Aquit, during calendar year 2020.

33. Defendants, Atlas Piles, LLC and Reinaldo Aquit, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

34. Defendants, Atlas Piles, LLC and Reinaldo Aquit, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2020, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2020.

35. Defendants, Atlas Piles, LLC and Reinaldo Aquit, did not include the total amount that they paid to Plaintiff as in 2020 in the information returns that identified to the wages earned by and paid to Plaintiff, in particular the Form W-2 that Defendants issued to Plaintiff for calendar year 2020.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

36. Defendants, Atlas Piles, LLC and Reinaldo Aquit, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2020 by significantly underreporting the amount they paid to Plaintiff in that calendar year.

37. Plaintiff suffered damages as a result of Defendants' willful provision of false a false/fraudulent information return in 2020 caused by Defendants' intentional and willful acts as described above.

38. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
> > (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
> >
> > (2) the costs of the action, and
> >
> > (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Misael Cabrera Ruiz, demands the entry of a judgment in her favor and against Defendants, Atlas Piles, LLC and Reinaldo Aquit, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2020 as set forth above;

    b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

    c.    That Plaintiff recover all interest allowed by law; and

    d.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Misael Cabrera Ruiz, demands a trial by jury of all issues so triable.

Respectfully submitted this 17th day of November 2021,

>  s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*